UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| EVELYN RAE ARNOLD, | ) | Case No.: 1:21 CV 1752 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL, | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | ORDER |


Defendant, the Commissioner of Social Security (the "Commissioner"), denied Plaintiff

Evelyn Rae Arnold's ("Plaintiff") application for disability insurance benefits ("DIB") and

supplemental security income ("SSI"). On September 9, 2021, Plaintiff sought judicial review of the

Commissioner's decision. (ECF No. 1.) On February 15, 2022, Plaintiff filed a Brief on the Merits

(ECF No. 9), asserting that the Administrative Law Judge's ("ALJ") residual functional capacity

("RFC") determination was unsupported by substantial evidence because she failed to properly

evaluate the opinion of Antwon Morton, D.O ("Dr. Morton"). (Pl.'s Br. at PageID #1492, ECF No.

9.) The Commissioner filed a Response Brief (ECF No. 10) on April 1, 2022. Pursuant to Local Rule

72.2(b)(1), the court referred the case to Magistrate Judge Amanda M. Knapp ("Magistrate Judge"

or "Judge Knapp") to prepare a Report and Recommendation ("R & R").

Judge Knapp submitted an R & R (ECF No. 12) on July 26, 2022, recommending that the

court affirm the Commissioner's decision. The R & R finds that the ALJ properly evaluated the

totality of Plaintiff's visits with Dr. Morton. (*See generally* ECF No. 12.) As noted, Plaintiff

contends that the ALJ's RFC determination is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion of Dr. Morton. (*See* ECF No. 9.) To support her position, Plaintiff points to the ALJ's alleged failure to address her July 11, 2016 office visit, where Dr. Morton noted that Plaintiff experienced a recent inflamation in her symptoms, causing her pain, weakness, and numbness. (R & R at PageID #1538, ECF No. 12.) The R & R found that while the ALJ did not separately address Dr. Morton's findings from Plaintiff's July 2016 office visit, the ALJ did properly consider the evidence when reaching her decision, stating that, "[h]ere, while the ALJ did not separately outline the findings from the July 2016 office visit, she did cite to the examination findings from that visit (and other office visits ) in support of her opinion analysis . . . ." (*Id.* at PageID #1539.) Further, the R & R concludes that the ALJ considered Plaintiff's arguments regarding her reduced range of physical motion, as supposedly evidenced by her physcial examinations, but found inconsistences between Plaintiff and Dr. Morton's assessment of her disabilities. (*Id.* at PageID #1540.) Specifically, the R & R states that, "[a] review of the ALJ's decision as a whole reveals that she considered [Plaintiff's] clinical findings of tenderness, decreased range of motion, and abnormal gait, and found them supportive of a limitation to light exertional work but inconsistent with the more substantial postural limitations set forth in Dr. Morton's opinion." (*Id.*)

Next, the R & R concludes that the ALJ properly considered the findings of Plaintiff's July 2016 visit because she holistically examined the spinal imagery discussed during that visit, along with Plaintiff's complaints of pain and numbness that she communicated to Dr. Morton during that visit. (*Id.*) Moreover, the R & R finds that the ALJ did not err when she noted inconsistencies between Plaintiff's opined limitations—which she asserted required a prescription for a walker—and the overall record, including Plaintiff's testimony, because the record demonstrates that Plaintiff

engages in an array of activities, which require a considerable range of functional ability. (*Id.* at PageID #1541.) Additionally, the R & R highlighted a discrepancy between Dr. Moron's opinion, that Plaintiff required a walker, and the opinion of consultative examiner, Eulogio Sioson, M.D., who found that there was no objective findings from the record that would significantly limit Plaintiff's functional abilities, and stated that:

> [h]ere, the ALJ explicitly considered the physcial examination findings, spinal imagery, subjective complaints, and treatment modalities highlighted in [Plaintiff's] brief, and accounted for the impact of those factors on the weight given to Dr. Morton's opinion. The ALJ set forth "good reasons" to support her decision to give partial weight to Dr. Morton's opinion, did not ignore or mischaracterize material evidence, and provided an analysis that was supported by substantial evidence.

(*Id.* at PageID #1542.)

Plaintiff filed an Objection (ECF No. 13) to the R & R on August 9, 2022. The Objection raises one argument: that the Magistrate Judge erred in her assertion that the ALJ applied proper legal standards and reached a decision supported by substantial evidence in finding Dr. Morton's opinion unpersuasive. (Obj. at PageID #1544, ECF No. 13.) The Commissioner filed a Response (ECF No. 14) to Plaintiff's Objection on August 15, 2022, arguing that the Magistrate Judge correctly applied the pertinent law and found that the ALJ's decision is supported by substantial evidence in the record. (Resp. at PageID #1547, ECF No. 14.)

The court finds, after careful *de novo* review of the parties' arguments, the R & R, Plaintiff's Objection, and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. The court finds that the Magistrate Judge properly applied the law and found that the ALJ based her determination off the record's entirety, properly giving consideration to Dr. Morton's opinions and Plaintiff's medical office visits, including her July 2016 office visit. *See Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th

Cir. 2010) (coting that the ALJ is not "required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion."). Accordingly, the court adopts as its own Judge Knapp's R & R. The court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 30, 2022